UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 1 2009

Michael N. Milby, Clerk

| | |
|---|---|
| MARIO A. TORRALBA, § § Plaintiff, § § VS. § § MICHAEL CHERTOFF, *In His Official Capacity as Secretary of U.S. Department of Homeland Security* § § § § § Defendant. | CIVIL ACTION NO. L-08-83 |

<u>MEMORADUM AND ORDER</u>

Pending before the Court is Defendant Michael Chertoff's Motion to Dismiss, filed November 3, 2008. (Docket No. 7.) Defendant contends that Plaintiff Mario A. Torralba's Original Complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure and seeks dismissal without prejudice. (Docket No. 7, at 1.) Defendant claims he is somehow burdened by Plaintiff's pleading of too many facts. <u>Id.</u> Defendant answered the complaint the same day he moved to dismiss it. (Docket No. 8.)

What constitutes a short and plain statement for Rule 8 purposes depends on the circumstances and the type of case. <u>Jumonville v. Dep't of Treasury</u>, No. 94-30583, 1995 WL 136507, at *2 (5th Cir. March 16, 1995) (unpublished per curiam

opinion).[1]  Trial courts are "given great leeway in determining whether a party has complied with [Rule 8]."  Id. (quoting Gordon v. Green, 602 F.2d 743, 745 (5th Cir. 1979)).  This complaint is not "essentially incomprehensible" as to whether claims are stated.  Old Time Enters., Inc. v. Int'l Coffee Corp., 862 F.2d 1213, 1219 (5th Cir. 1989).  Nor does the complaint amount to "over 4,000 pages, occupying 18 volumes, and requiring a hand truck to move."  Gordon v. Green, 602 F.2d at 744-745.

In Atwood v. Humble Oil & Ref. Co., 243 F.2d 885, 888 (5th Cir. 1957), the Fifth Circuit stated:

> Brevity is certainly desirable . . . [b]ut such considerations do not rank in importance with the right and the duty of a litigant to present his demands . . . in a style and form of expression which represent the attorney's honest effort to present the claims according to his own notions of their merits and their strong and weak points. . . . [T]he attorney is allowed wide latitude and the claim is whatever the plaintiff in good faith declares it to be.

While Plaintiff's complaint consists of twenty pages, that length is partly caused by Plaintiff's use of "bullet-type" paragraphs, with ample spacing.  Frankly, this Court found that format made for easier reading, not burdensome.  Also, Plaintiff attempts to describe the basis for an original discrimination claim, a retaliation claim, and why he believes he has complied

---

[1] Unpublished opinions issued before January 1, 1996 are precedent.  5th Cir. R. 47.5.3.

with the prerequisites for filing suit. Perhaps Plaintiff has given Defendant more information than absolutely required, but it is mystifying why Defendant would not welcome that information, instead of complaining about it.

In any event, Defendant has already answered the complaint and, according to the docket sheet, is apparently now considering a motion to dismiss on the merits.

The instant motion is DENIED.

DONE at Laredo, TX, this 20th day of January, 2009.

George P. Kazen
United States District Judge